**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAUL AMAYA-MEJIA, AKA Saul Antonio Amaya, | Nos. 17-71489 19-70877 |
| Petitioner, | |
| v. | Agency No. A044-612-046 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Saul Amaya-Mejia, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

(petition No. 17-71489) and the BIA's order denying his motion to reconsider and

terminate proceedings (petition No. 19-70877). We have jurisdiction under 8

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen or to reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petitions for review.

As to petition No. 17-71489, the BIA did not abuse its discretion in denying Amaya-Mejia's motion to reopen as untimely where it was filed more than 11 months after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and where Amaya-Mejia did not establish changed country conditions in El Salvador to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (evidence must be "qualitatively different" to warrant reopening); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

In addition, the BIA did not abuse its discretion in denying Amaya-Mejia's motion to reopen based on ineffective assistance of counsel where Amaya-Mejia failed to show he had been prejudiced by the performance of former counsel. *See Mohammed*, 400 F.3d at 793-94 (prejudice results when "the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings" (internal citation and quotation marks omitted)).

We reject as unsupported by the record Amaya-Mejia's contentions that the

BIA applied incorrect legal standards and ignored evidence.

As to petition No. 19-70877, the BIA did not abuse its discretion in denying Amaya-Meija's motion to reconsider and terminate proceedings. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (notice to appear need not include time and date of hearing to vest jurisdiction in the immigration court).

Thus, the government's motion for summary disposition (Docket Entry No. 31) is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

Amaya-Meija's opposed motion to hold these petitions for review in abeyance (Docket Entry No. 29) is denied.

**PETITIONS FOR REVIEW DENIED.**